UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ERIC RAMON BUCHANAN,

    Defendant.

NO.  CR-05-0209-RHW

**ORDER DENYING MOTION
FOR RECONSIDERATION**

    Before the Court is Defendant's Motion for Reconsideration of Decision Denying Defendant's Motion to Dismiss Count 1 of Criminal Indictment (Ct. Rec. 46).

## BACKGROUND

    Count 1 of the Indictment charges Defendant with a violation of 21 U.S.C. §§ 841(a)(1) & 846, on the basis that Defendant did "knowingly and intentionally attempt to possess with the intent to distribute 500 grams or more of cocaine" (Ct. Rec. 1).  Defendant moved to dismiss Count 1 of the Indictment on the grounds that the alleged brick-like package involved in the transaction between the Confidential Source (CS) and Defendant was not cocaine, but a purported mixture of flour and baking soda (Ct. Rec. 37).  This Court denied Defendant's motion because it is well established in the Ninth Circuit that an individual may be convicted of a violation of 21 U.S.C. §§ 841(a)(1) & 846 based upon his completed sale of a non-controlled substance which he believed to be a controlled substance. *E.g., United States v. Steward*, 16 F.3d 317, 320 (9th Cir. 1994).

<u>DISCUSSION</u>

**I.    Defendant's Motion for Reconsideration**

Defendant moves the Court to reconsider its Order denying his Motion to Dismiss Count 1 based on sufficiency of the Indictment. Under Fed. R. Crim. P. 12(b)(2), a party may raise, by pretrial motion, any request the court can determine without a trial of the general issue, including motions to reconsider its previously-issued orders. "A motion to reconsider must demonstrate some valid reason why the Court should reconsider its prior decision, and it must set forth facts or law of a strongly convincing nature to induce the Court to reverse itself." *United States v. Walsh*, 873 F. Supp. 334, 337 (D. Ariz. 1994).

Defendant has not presented any new or convincing reasoning, facts, or law that the Court should grant his Motion to Reconsider. He merely rehashes his contention that the counterfeit nature of the substance contained in the alleged brick-like package invalidates Count 1 of the Indictment. Defendant fails to put forward any new and/or compelling reasons to reconsider the Court's Order denying his Motion to Dismiss, therefore his Motion to Reconsider is denied.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Reconsideration of Order Denying Eric Ramon Buchanan's Motion to Dismiss Count 1 of the Indictment (Ct. Rec. 46) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 5th day of April 2006.


*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\Criminal\2005\Buchanan\Buchanan.reconsider.deny.ord.wpd

ORDER DENYING MOTION FOR RECONSIDERATION * 2