UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ERIC RAMON BUCHANAN,<br><br>    Defendant. | NO. CR-05-0209-RHW<br><br>**ORDER DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL, ARREST OF JUDGMENT OR NEW TRIAL** |

Before the Court is Defendant's Motion for Judgment of Acquittal, Arrest of Judgment or New Trial (Ct. Rec. 87). A hearing was held on June 23, 2006. Defendant was present and represented by Tracy Collins; Assistant United States Attorney Aine Ahmed appeared on behalf of the Government. At the hearing, the Court determined it was inappropriate for it to consider the portion of Defendant's motion that requests a new trial due to the Court's independent knowledge of the events surrounding his motion (see Ct. Rec. 86). Accordingly, Defendant's motion for a new trial was referred to the Honorable Justin L. Quackenbush for decision. This Court retained for consideration Defendant's motion for judgment of acquittal or arrest of judgment.

Defendant argues for a Judgment of Acquittal or Arrest of Judgment pursuant to Federal Rule of Criminal Procedure 29(c) and/or 34 based on either the insufficiency of evidence to sustain the conviction or the failure of the indictment to charge an offense. Under Federal Rule of Criminal Procedure 29, the Court may enter an order of judgment of acquittal after the jury is discharged if "the evidence

ORDER DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL, ARREST OF JUDGMENT OR NEW TRIAL * 1

is insufficient to sustain a conviction of such offense or offenses." Fed. R. Crim. P. 29. The Court must view the evidence in the light most favorable to the non-moving party to determine "whether any rational trier of fact could find the essential elements of the offense beyond a reasonable doubt." *United States v. Clayton*, 108 F.3d 1114, 1116 (9th Cir. 1997).

Defendant incorporates his earlier motion to dismiss and memorandum in support for this motion. He continues to assert (1) the indictment failed to allege the necessary elements of the crime, and (2) the Government could not prove the elements of the crime at trial because Defendant was never given any cocaine in the transaction leading to his arrest. The Court earlier denied Defendant's Motion to Dismiss and Motion to Reconsider the Motion to Dismiss. In its Order Denying the Motion to Reconsider, the Court stated that "it is well established in the Ninth Circuit that an individual may be convicted of a violation of 21 U.S.C. §§ 841(a)(1) & 846 based upon his completed sale of a non-controlled substance which he believed to be a controlled substance. *E.g., United States v. Steward*, 16 F.3d 317, 320 (9th Cir. 1994)." (Ct. Rec. 51).

Defendant maintains that the issue he raises is not ignorance of fact as outlined in *Steward*. 16 F.3d at 320. Instead, he submits the issue is whether the statutory construction of 21 U.S.C. § 841(a)(1) contemplates a crime involving a substance that contains no controlled substance. Defendant explains that the statute prohibits only "controlled substance" sales and distribution, and the penalties provision of the statute refers only to "a mixture or substance containing a detectable amount of" a controlled substance. 21 U.S.C. § 841(a)(1), (b).

However, Defendant fails to note that he was also indicted under 21 U.S.C. § 846 which criminalizes the attempt to commit the offenses outlined in § 841(a). As the Ninth Circuit explains in *Steward*, so long as the jury is instructed that it can convict the defendant only if it determines he believed the substance involved was a controlled substance, the attempt statute is appropriate. 16 F.3d at 320 n.4.

ORDER DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL, ARREST OF JUDGMENT OR NEW TRIAL * 2

1  "'[A]n individual may be convicted of an attempt to distribute cocaine when the
2  substance he offers to sell is a noncontrolled substance rather than cocaine.' . . .
3  'We can only say that generally a defendant should be treated in accordance with
4  the facts as he supposed them to be.'" *Id.* (quoting *United States v. Quijada*, 588
5  F.2d 1253, 1254-55 (9th Cir. 1978)); *see also United States v. Everett*, 700 F.2d
6  900, 904 n.8 (3d Cir. 1983) (citing to several cases in which courts found that
7  impossibility is no defense to § 846 when defendants tried to distribute or possess
8  "a substance which the defendants believed to be controlled but which in fact was
9  uncontrolled").

10        The jury in this matter was instructed properly for the attempt statute, and
11  Defendant has presented no new evidence that shows he was either charged
12  incorrectly or the Government failed to carry its burden at trial.  The evidence
13  presented at trial was sufficient to sustain Defendant's conviction.

14        Accordingly, **IT IS HEREBY ORDERED**:

15        1. Defendant's Motion for Judgment of Acquittal, Arrest of Judgment or
16  New Trial (Ct. Rec. 87) is **DENIED in part**.  His Motion for Judgment of
17  Acquittal or Arrest of Judgment is denied.

18        2. Defendant's Motion for a New Trial is **referred** to the Honorable Justin
19  L. Quackenbush for decision.

20        3. The Government's Motion for Extension of Time to File Response to
21  Defendant's Motion for a New Trial (Ct. Rec. 94) is **DENIED as moot**.

22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

ORDER DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT OF
ACQUITTAL, ARREST OF JUDGMENT OR NEW TRIAL * 3

1 **IT IS SO ORDERED.** The District Court Executive is directed to enter this
2 Order and forward copies to counsel and to the Honorable Justin L. Quackenbush.
3   **DATED** this 30th day of June, 2006.

4

5        *s/ Robert H. Whaley*

6        ROBERT H. WHALEY
      Chief United States District Judge
7

8 Q:\CRIMINAL\2005\Buchanan\judgment.deny.ord.wpd

ORDER DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT OF
ACQUITTAL, ARREST OF JUDGMENT OR NEW TRIAL * 4