UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ERIC RAMON BUCHANAN,<br><br>  Defendant. | NO. CR-05-0209-RHW<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL** |

Before the Court is Defendant's Motion for Judgment of Acquittal, Arrest of Judgment or New Trial (Ct. Rec. 87). A hearing was held on June 23, 2006. Defendant was present and represented by Tracy Collins; Assistant United States Attorney Aine Ahmed appeared on behalf of the Government. At the hearing, the Court determined it was inappropriate for it to consider the portion of Defendant's motion that requests a new trial due to the Court's independent knowledge of the events surrounding his motion (see Ct. Rec. 86). Accordingly, Defendant's motion for a new trial was referred to the Honorable Justin L. Quackenbush for decision. Judge Quackenbush issued his findings of fact regarding Defendant's Motion for a New Trial on July 5, 2006 (Ct. Rec. 104).

The Court accepts Judge Quackenbush's findings regarding Juror Number 2's viewing of the deleted word from the transcripts during trial. Judge Quackenbush's findings reflect that Juror Number 2's viewing of the deleted word had no impact on his deliberations and that he and the other jurors followed the Court's instructions concerning the limited use to be made of the recording transcript.

ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL * 1

Defendant asks for a new trial due to juror misconduct in this case. The Ninth Circuit distinguishes between two kinds of juror misconduct cases. Juror misconduct may be based on the introduction of extraneous evidence to the jury, or it may be based on *ex parte* contacts with a juror "that do not include the imparting of any information that might bear on the case." *United States v. Rosenthal*, 445 F.3d 1239, 1244 (9th Cir. 2006) (citation omitted). "Extraneous-evidence cases involve not only the introduction of 'evidence' per se but the 'submission of "extraneous information" (e.g., a file or dictionary) to the jury.'" *Id*. at 1244-45 (citation omitted). In extraneous-information cases, courts should grant a new trial if "there is a reasonable possibility that the material could have affected the verdict." *Id*. at 1245 (citation omitted). The presence of extrinsic material does not always require a new trial, but the Court should conduct a careful review of the "circumstances and nature of the material to ensure that jurors deliberate without undue outside pressure or influence." *Id*. The burden to demonstrate an absence of prejudice is generally placed on the party opposing the motion. *Id*.

The juror misconduct considered in *Rosenthal* involved a juror speaking with an attorney-friend about whether she must follow the court's instructions. The attorney advised the juror that she was required to do so or "risk 'get[ting] into trouble.'" *Id*. at 1242. Here, Juror Number 2 did not receive information or instructions on the law from an outside source that could have undue influence upon him, as was the case in *Rosenthal*. Instead, Juror Number 2 saw a word that was not meant to be viewed, and he has clearly and unequivocally stated that he did not consider the word. Accordingly, "it can be concluded beyond a reasonable doubt that extrinsic evidence did not contribute to the verdict" in this case. *United States v. Bagley*, 641 F.2d 1235, 1241 (9th Cir. 1981).

Considering the instructions given to the jury, the arguments and submissions of counsel, and Judge Quackenbush's findings of fact, the Court denies Defendant's motion for a new trial.

ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL * 2

1  Accordingly, **IT IS HEREBY ORDERED**:

2  1.  Defendant's Motion for Judgment of Acquittal, Arrest of Judgment or
3  New Trial (Ct. Rec. 87) is **DENIED**.

4  **IT IS SO ORDERED.**  The District Court Executive is directed to enter this
5  Order and forward copies to counsel and to the Honorable Justin L. Quackenbush.

6  **DATED** this 7th day of July, 2006.

8  *s/ Robert H. Whaley*

9  ROBERT H. WHALEY
   Chief United States District Judge

11  Q:\CRIMINAL\2005\Buchanan\newtrial.deny.ord.wpd

ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL * 3