UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ERIC RAMON BUCHANAN,<br><br>    Defendant. | NO. CR-05-209-RHW<br><br>**ORDER GRANTING MOTION TO VACATE SENTENCE AND SETTING SENTENCING HEARING** |

Before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Ct. Rec. 149). This motion was heard without oral argument. For the reasons set forth below, the Court grants Defendant's motion and sets a new sentencing hearing.

## BACKGROUND

A jury found Defendant guilty of two charges of distribution of ecstasy following trial in May 2006. On September 6, 2006, this Court sentenced Defendant to the mandatory minimum of sixty months. Because Defendant's criminal history score as calculated by the U.S. Probation Office was more than one point, Defendant was not eligible for the safety valve provision of USSG §5C1.2.

On July 16, 2007, Spokane County District Court issued an Order of Dismissal, dismissing Defendant's October 24, 1995 conviction for Refusal to Cooperate because Defendant's conduct in January of 1995 was not actually

**ORDER GRANTING MOTION TO VACATE SENTENCE AND SETTING SENTENCING HEARING * 1**

chargeable as a crime. On November 1, 2007, Defendant filed this motion. Defendant asks the Court to review his sentence in light of the dismissal of his October 24, 1995, conviction. In response, the United States performs its own review of Defendant's criminal history score, and argues that Defendant is still not eligible for safety valve consideration. The United States does not advance any procedural challenge to Defendant's motion, nor does the United States argue that new sentencing proceedings would be improper. In fact, the United States asks the Court to order the U.S. Probation Office to reevaluate Defendant's criminal history.

## DISCUSSION

It is settled law in the Ninth Circuit that, "a defendant who successfully attacks a state conviction may seek review of any federal sentence that was enhanced because of the prior state conviction." *U.S. v. LaValle*, 175 F.3d 1106, 1108 (9th Cir. 1999); *see also United States v. Hayden,* 255 F.3d 768, 770 (9th Cir. 2001). Accordingly, the Court finds that Defendant's sentence is appropriate for review because Defendant has successfully attacked one of the state convictions that enhanced or may have enhanced his sentence.

The Court finds the Defendant's criminal history score appropriate for review without referral of this matter to the U.S. Probation Office. The Court applies the 2007 Sentencing Guidelines Manual in its review.[1]

On the date of Defendant's original sentencing, the Court counted a total of four criminal history points resulting from five of Defendant's prior state misdemeanor convictions. In accordance with the 2007 Guidelines and Ninth Circuit precedent interpreting those Guidelines, the Court now counts only misdemeanor convictions that resulted in sentences of actual imprisonment of at

---

[1]According to the Guidelines, the Court "shall use the Guidelines Manual in effect on the date that the defendant is sentenced." USSG §1B1.11(a). The 2007 Guidelines will be in effect on the date of Defendant's new sentencing hearing.

**ORDER GRANTING MOTION TO VACATE SENTENCE AND SETTING SENTENCING HEARING** * 2

least thirty days, and/or terms of probation of more than one year. USSG §4A1.2(c)(1); *United States v. Gonzales*, 506 F.3d 940, 944-945 (9th Cir. 2007) (holding that where the sentence for a misdemeanor was a totally suspended sentence of any length, that misdemeanor cannot be counted in the calculation of a defendant's criminal history score).

As previously noted, one of Defendant's prior state convictions has now been dismissed. The sentences for Defendant's remaining convictions were as follows:

(1) January 10, 1996: 90 days jail, suspended; 12 months probation;

(2) January 21, 1997: 90 days jail, suspended; 12 months probation;

(3) December 9, 1997: 90 days jail, suspended;

(4) January 20, 1998: 90 days jail, 89 days suspended; and

(5) May 21, 2002: 90 days jail, suspended.

Because none of these misdemeanor convictions resulted in sentences of actual imprisonment of at least thirty days, or terms of probation of more than one year, the Court finds that Defendant's criminal history score is zero (0).

Based on this review and the record established at Defendant's original sentencing hearing, the Court further finds that Defendant meets the criteria for safety valve consideration set forth in USSG §5C1.2(a)(1)-(4). However, the Court is not aware whether the Defendant has truthfully provided all relevant information concerning the offense, as is required to satisfy the final criterium set forth in USSG §5C1.2(a)(5).

///
///
///
///
///

**ORDER GRANTING MOTION TO VACATE SENTENCE AND SETTING SENTENCING HEARING** * 3

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Ct. Rec. 149) is **GRANTED.**

2. A resentencing hearing is **set** for **December 11, 2008, at 11:00 a.m.,** in Spokane, Washington. The U.S. Attorney's Office shall have Defendant brought to Spokane no later than **November 7, 2008.**

3. Not later than the date set for sentencing, the United States shall offer Defendant an opportunity to provide the United States all information and evidence Defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to counsel, the U.S. Marshal's Office, and the U.S. Probation Office.

**DATED** this 1st day of October, 2008.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2005\Buchanan\grant.vacate.ord.wpd

**ORDER GRANTING MOTION TO VACATE SENTENCE AND SETTING SENTENCING HEARING** * 4